UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMUEL B. FOSTER, JR.

Plaintiff,

-against-

D.O.C., et al.

Defendants.

23-CV-2861 (PAE)

ORDER OF SERVICE

PAUL A. ENGELMAYER, United States District Judge:

Plaintiff, who is a pretrial detainee currently confined in the West Facility on Rikers

Island, brings this complaint *pro se* under 42 U.S.C. § 1983, alleging unconstitutional conditions

of confinement, which includes receiving inadequate medical care while he was confined in the

George R. Vierno Center ("GRVC") on Rikers Island. By order dated April 12, 2023, the Court

granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of

fees.[1]

As set forth below, the Court: (1) dismisses all claims against the New York City

Department of Correction ("DOC") and adds the City of New York as a defendant; (2) replaces

"N.Y.C. Health" with the NYC Health + Hospitals ("H+H"); (3) requests that the City of New

York waive service; (4) directs service on H+H; and (6) directs the New York City Law

Department and H+H to identify the John or Jane Doe defendants.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

### A.      Claims against DOC and "N.Y.C. Health"

Plaintiff's claims against the DOC must be dismissed because an agency of the City of New York, such as the DOC, is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

Plaintiff also brings claims against "N.Y.C. Health," which the Count understands is a reference to H+H, which provides health services to individuals detained at Rikers Island, among others.[2]

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York and H+H, the Court construes the complaint as asserting claims against the City of

---

[2] H+H is a public benefit corporation created under New York State law and has the capacity to be sued, N.Y. Unconsol. Laws §§ 7384(1), 7385(1).

2

New York and H+H, and directs the Clerk of Court to amend the caption of this action to replace

the DOC and N.Y.C. Health with the City of New York and H+H, respectively. *See* Fed. R. Civ.

P. 21. This amendment is without prejudice to any defenses the City of New York and H+H may

wish to assert.

**B.    Waiver of Service for the City of New York**

The Clerk of Court is directed to notify the DOC and the New York City Law Department

of this order. The Court requests that the City of New York waive service of summons.

**C.    Service on H+H**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the

Court and the U.S. Marshals Service to effect service.[3] *Walker v. Schult*, 717 F.3d. 119, 123 n.6

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to

serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendant H+H through the U.S. Marshals Service,

the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return

form ("USM-285 form") for this defendant. The Clerk of Court is further instructed to issue a

summons and deliver to the Marshals Service all the paperwork necessary for the Marshals

Service to effect service upon H+H.

If the complaint is not served on H+H within 90 days after the date summons is issued,

Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63

---

[3] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a
summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP
and could not have served the summons and complaint until the Court reviewed the complaint
and ordered that a summons be issued. The Court therefore extends the time to serve until 90
days after the date that a summons is issued.

(2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**D.    *Valentin* Order to Identify John or Jane Doe Defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff seeks to sue three John or Jane Doe defendants, including the correction officer who allegedly denied him assistance on the night of January 11, 2023, at GRVC, and medical staff members who allegedly provided inadequate medical care. Plaintiff also indicates that a Dr. Blackmore was involved in the alleged violations. Plaintiff may have supplied sufficient information to permit the government to identify Dr. Blackmore and the John or Jane Doe defendants he is suing.

It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the DOC, must ascertain the identity and badge number of each John or Jane Doe correction officer whom Plaintiff seeks to sue here and the address where each defendant may be served.[4] It is also ordered that H+H must ascertain the identities of Dr. Blackmore and each John or Jane Doe medical staff member whom Plaintiff seeks to sue here and the address where each of these defendants may be served. The New York City Law Department and H+H must provide this information to Plaintiff and the Court within 60 days of the date of this order.

---

[4] If the Doe defendant is a current or former DOC employee or official, the New York City Law Department should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants, rather than by personal service at a DOC facility. If the Doe defendant is not a current or former DOC employee or official, but otherwise works or worked at a DOC facility, the New York City Law Department must provide a residential address where the individual may be served.

Within 30 days of receiving this information, Plaintiff must file an amended complaint naming the John or Jane Doe defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order asking the newly named defendants to waive service or directing the Clerk of Court to complete and deliver all documents necessary to the U.S. Marshals Service to effect service on the newly named defendants.

**E.    New York Legal Assistance**

Plaintiff may consult the legal clinic opened in this District to assist people who are parties in civil cases and do not have lawyers. The Clinic is run by a private organization called the New York Legal Assistance Group ("NYLAG"); it is not part of, or run by, the court (and, among other things, therefore cannot accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit).

To receive limited-scope assistance from the Clinic, Plaintiff may mail a signed retainer and intake form to the NYLAG Pro Se Clinic at 40 Foley Square, LL22, NY, NY 10007. Once the paperwork is received, the Clinic will coordinate contact with the litigant. Once received, it may take up to two weeks for the Clinic to contact the litigant. Copies of the Clinic's flyer, retainer, and intake form are attached to this order.

## CONCLUSION

The Court dismisses Plaintiff's claims against the New York City Department of Correction ("DOC"). *See* N.Y. City Charter ch. 17, § 396. The Clerk of Court is directed to add the City of New York as a defendant, and to replace "N.Y.C. Health" with NYC Health + Hospitals. *See* Fed. R. Civ. P. 21.

The Clerk of Court is also instructed to electronically notify the DOC and the New York City Law Department of this order. The Court requests that the City of New York waive service of summons.

The Clerk of Court is ordered to issue a summons for Defendants NYC Health + Hospitals, complete a USM-285 form with the address for this defendant, and deliver to the U.S. Marshals Service all documents necessary to effect service on this defendant.

The Clerk of Court is further directed to mail a copy of this order and the complaint to: (1) New York City Law Department, 100 Church Street, New York, New York 10007; and (2) NYC Health + Hospitals at 50 Water Street, New York, New York 10004.

The Clerk of Court is also directed to mail an information package to Plaintiff. An Amended Civil Rights Complaint form and copies of the NYLAG Clinic's flyer, retainer, and intake form are attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: July 7, 2023
New York, New York

_____
PAUL A. ENGELMAYER
United States District Judge

6

### DEFENDANT AND SERVICE ADDRESS

1.      NYC Health + Hospitals
        50 Water Street
        17th Floor
        New York, New York 10004

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**
**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes   ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                    Middle Initial                    Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                    State                    Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Page 3

## V.   STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

Dated                                                        Plaintiff's Signature

First Name                          Middle Initial          Last Name

Prison Address

County, City                                        State                   Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: _____